**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>MIJUANA DANIELS<br><br>        *Defendant*. | Criminal No. 19-00175 (NLH)<br><br>**Memorandum Opinion and Order** |

**APPEARANCES**:

Mijuana Daniels
72438-050
United States Penitentiary-Hazelton
P.O. BOX 2000
Bruceton Mill, WV 26565

   *Defendant appearing Pro Se*

Jeffrey Brian Bender
Office of the U.S. Attorney
401 Market Street
4th Floor
Camden, NJ 08101

Martha Kathleen Nye
DOJ-USAO
402 E. State Street
Room 430
Trenton, NJ 08608

   *Representing Respondent United States of America*

**Hillman**, District Judge

   WHEREAS, on November 30, 2021, this Court sentenced Defendant Mijuana Daniels to a term of sixty (60) months' imprisonment, followed by three (3) years' supervised release after Daniels pleaded guilty to one count of Felon in Possession

of a Firearm, 18 U.S.C. § 922(g)(1); and

WHEREAS, final judgment was formally entered on December 3, 2021 (ECF No. 47); and

WHEREAS, Daniels filed a Notice of Appeal on December 15, 2021 (ECF No. 49), a decision on which is still pending before the Third Circuit Court of Appeals; and

WHEREAS, on March 17, 2023, Daniels filed the instant Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 55); and

WHEREAS, the Court notes that effective November 1, 2023 - after the Defendant had filed his motion and it was briefed by both parties - the United States Sentencing Commission issued a revised and broadened Policy Statement to guide sentencing courts in considering motions for compassionate release under 18 U.S.C. § 3582 (c)(1)(A); and

WHEREAS, upon Daniels' filing of a Notice of Appeal, this Court was divested of jurisdiction to rule on his § 3582 Motion. See United States v. Alston, Criminal Action No. 19-158, 2020 U.S. Dist. LEXIS 148084, at *4 (D.N.J. Aug. 17, 2020) ("Defendant's appeal deprives this Court of jurisdiction over any matter relating to his sentence, including the instant request for compassionate release.") (citing United States v. Davis, 924 F.2d 501, 504 (3d Cir. 1991) (noting that a district court lacks jurisdiction to change a sentence after a notice of

2

appeal is filed).); and

WHEREAS, "[u]nder Federal Rule of Criminal Procedure 37(a), this Court may therefore (1) defer consideration of Defendant's motion, (2) deny his motion, or (3) 'state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" Id.;

THEREFORE, having considered the procedural posture of this matter in conjunction with the pending motion,

**IT IS** on this 26th day of December, 2023,

**ORDERED** that within twenty (20) days of this Order, the parties shall SHOW CAUSE in writing as to why Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582 (ECF No. 55) should not be denied without prejudice to refile upon conclusion of his appeal;[1] it is further

**ORDERED** that a copy of this Order be sent to Defendant Daniels by regular mail to his address on the Docket.

At Camden, New Jersey              /s/ Noel L. Hillman
                                   Noel L. Hillman, U.S.D.J.

---

[1] In the event this Court finds cause to deny the instant Motion without prejudice and Daniels ultimately decides to refile upon conclusion of the appellate process, both he and the government shall address in their briefing the recently implemented Amendments to Policy Statement § 1B1.13 regarding compassionate relief noted above. See U.S. Sentencing Commission, "Adopted Amendments," Apr. 27, 2023, available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.